UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTERNATIONAL BROTHERHOOD OF :
ELECTRICAL WORKERS
LOCAL 212
et al.                        :    No. 1:07-cv-324

    Plaintiffs                :

  vs.                         :    **OPINION & ORDER**
AMERICAN LAUNDRY MACHINERY, INC.
et al.                        :

    Defendants                :

This matter is before the Court on Defendants' Motion to Bifurcate and Stay Discovery (doc. 135), Plaintiffs' Opposition thereto (doc. 141), and Defendants' Reply in support thereof (doc. 143); and Defendants' Motion to Strike Exhibit "A" to Plaintiffs' Memorandum in Opposition (doc. 144), Plaintiffs' Opposition thereto (doc. 144), and Defendants' Reply in support thereof (doc. 146). Defendants requested oral argument on their motions, but the Court finds that oral argument would not advance the issues, and the matters are ripe for the Court's consideration. For the following reasons, the Court DENIES Defendants' Motion to Bifurcate and Stay Discovery (doc. 135) and DENIES Defendants' Motion to Strike (doc. 144).

**I.  Background**

This case involves disputes arising from the 2004 purchase of certain real estate by Plaintiffs from Defendant American Laundry Machinery, Inc. Plaintiffs allege that they were

not adequately informed about environmental issues with the real estate and claim that Defendants are in violation of both state and federal environmental laws, have breached the purchase contract, and have committed common law fraud (doc. 104).  Specifically, Plaintiffs present four claims: (i) Resource Conservation and Recovery Act ("RCRA") violation creating an imminent and substantial danger to health and/or the environment, lodged against all Defendants; (ii) treatment, storage and disposal procedures in violation of both RCRA and Ohio's Hazardous Waste Program, lodged against all Defendants; (iii) breach of contract against Defendants American Laundry Machinery, Inc., George L. Strike and Anthony Y. Strike; and (iv) fraud against all Defendants (Id.).

Defendants move the Court to bifurcate the first two claims (the "Environmental Claims") from the last two (the "State Claims"), arguing that such bifurcation will prevent the case from remaining "in a quagmire of discovery disputes," which quagmire Defendants assert is primarily the result of disputes over who is responsible for the conditions of the real estate (doc. 135).  In addition to bifurcation, Defendants request that any further discovery related to the issues of piercing the corporate veil and corporate alter ego be stayed pending the resolution of the State Claims (Id.).  Defendants further move the Court to strike from the record an exhibit attached to Plaintiffs' opposition to Defendants' Motion to bifurcate (doc. 144).  These motions being ripe, the

Court considers them in turn.

**II. Motion to Bifurcate and Stay Discovery**

Federal Rule of Civil Procedure 42(b) provides, in relevant part, that courts may, for convenience, to avoid prejudice, or to expedite and economize, order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. The Court's decision to grant or deny bifurcation is discretionary. Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc. 76 F.3d 743, 747 (6th Cir. 1996). However, courts are to consider issues such as the potential prejudice to the parties, the potential confusion of the jury, and the relative convenience and economy that would result from ordering separate trials. In re Beverly Hills Fire Litigation, 695 F.2d 207, 216 (6th Cir. 1982). Bifurcation can be appropriate when, for example, litigation of one issue may eliminate the need for litigation of further issues or where one party will be prejudiced by the introduction of evidence against another party. See, e.g., Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir. 1996).

However, bifurcation of claims is the exception, not the rule. General Elec. Credit Union v. National Fire Ins. of Hartford, 2009 WL 3210348, *2 (S.D. Ohio Sept. 30, 2009)(quoting Wright & Miller, Federal Practice and Procedure § 2388, at 474 (2nd ed. 2006)). The party moving for bifurcation bears the burden of demonstrating that any judicial economy and prejudice issues weigh

3

in favor of bifurcation. Id., citing Wright & Miller, Federal Practice and Procedure § 2388. In addition, trial courts have the inherent power and broad discretion to stay discovery until preliminary questions are determined. Gettings v. Bldg. Laborers Local, 349 F.3d 300, 304 (6th Cir. 2003).

**A. Defendants' Position**

Defendants argue that bifurcating the State Claims from the Environmental Claims and resolving the State Claims first would promote judicial economy and conserve the resources of the Court and the parties because, Defendants contend, the delays and costs associated with this case thus far are associated with the Environmental Claims, not the State Claims (doc. 135). Specifically, Defendants contend that if it is found that Plaintiffs are not entitled to relief on their State Claims, "then Plaintiffs would have purchased the [real estate] with knowledge of or should have known of its condition" (Id.). With such a result, Defendants argue, the Environmental Claims would be moot (Id.).

In addition, Defendants contend that because a finding of non-liability on the corporate Defendants' part regarding the State Claims would preclude a finding of liability against the individual Defendants, bifurcation is appropriate because resolution of the corporate liability issue would obviate the need for litigation regarding any individual liability (Id.). Similarly, regarding their motion to stay discovery on the piercing of the veil and

4

alter ego issues, Defendants argue that, even if the corporate veil is successfully pierced, individual liability cannot attach if the corporation itself has not been found liable and, therefore, discovery on Plaintiffs' piercing of the corporate veil and alter ego theories should be stayed so that corporate liability on the State Claims can be established in the first instance (Id.). In addition, Defendants assert that much of the discovery sought by Plaintiffs on the piercing issues is irrelevant because the two corporate Defendants are sister corporations and, as such, one cannot be held liable for the acts of the other (Id., citing Minno v. Pro-Fab, Inc., 905 N.E.2d 613 (Ohio 2009)). Defendants therefore argue that discovery on these issues should be stayed (Id.).

**B. Plaintiffs' Position**

In response, Plaintiffs discuss at length the results of a 2009 soil sampling of the purchased real estate (doc. 141), which results, attached as an exhibit to Plaintiffs' opposition to Defendants' Motion to Bifurcate, are the subject of Defendants' Motion to Strike (doc. 144). Plaintiffs appear to present this soil sample information in an effort to convince the Court that bifurcation should be denied because the environmental impact on the site is such that any further delay to its clean up would be "unconscionable" (doc. 141). In addition, Plaintiffs contend that Defendants' attempt to bifurcate the State and Environmental Claims

5

is really an attempt to evade Defendants' discovery responsibilities–that the motion is, in essence, an attempt to "avoid production of relevant information, not to conserve judicial resources or to expedite resolution of this case" (Id.). In support of this contention, Plaintiffs note that Defendants had, at the time of filing, not yet produced the documents that were the subject of this Court's October 20, 2009, Order requiring production (Id.).

Finally, Plaintiffs argue that both they and the public would be prejudiced from bifurcation, that the Environmental and State Claims are interrelated and that bifurcation would merely delay resolution of this case (Id.). Specifically, Plaintiffs argue that bifurcation will result in delay of the site clean up because of the resulting delay in resolving the Environmental Claims; many of the same witnesses and much of the same evidence would be produced in both trials if the claims were bifurcated; Plaintiffs would be prejudiced by the delay in the construction of their new facilities and by incurring the expenses accompanying that delay; and the use of multiple juries would prejudice the Plaintiffs because the same issues would be examined by different juries (Id.). Plaintiffs assert that because many of the issues presented by this case are factually intertwined, bifurcation would result in repetitious discovery and further delay (Id.). Similarly, Plaintiffs argue that Defendants' Motion to Stay

Discovery should be denied because staying discovery on any piercing or alter ego issues would simply result in more delays in this case, as discovery disputes about the scope of the stay would result (Id.).

**C. Discussion and Analysis**

First, the Court notes that neither a motion to bifurcate nor any of the responsive pleadings is the appropriate forum for the type of factual arguments the parties have presented. The Court has no doubt that the parties will submit for the Court's consideration motions for summary judgment; at that time, the Court will consider all relevant evidence before it. Here, however, arguments about the level of contamination at the site, or the involvement of the individual Defendants, or who knew what when, simply have no place and do not factor into the Court's decision. Similarly, Defendants' presumption of success on the State Claims, Defendants' opinion about the merits of those claims, and the finger-pointing on both sides regarding the "real" reasons for this "quagmire" are not only not dispositive of the bifurcation issue, they are not relevant.

In brief, the Court finds that Defendants' request for bifurcation here does not fall within that small class of "exceptional cases" for which bifurcation makes sense. See General Elec., 2009 WL 3210348. Indeed, Defendants' arguments for bifurcation rest on the assumption that Plaintiffs' State Claims

7

fail.  Such an assumption hardly is exceptional, as defendants in civil cases across this land routinely operate under similar assumptions.  In addition, Defendants' assertion that resolution of the State Claims in Defendants' favor would preclude Plaintiffs from pursuing the Environmental Claims assumes too much.  Simply put, whether or not any or all of the Defendants engaged in fraud or breached the sales contract is not dispositive of the Environmental Claims.

Further, as Plaintiffs note, many of the same witnesses and pieces of evidence would need to be presented if the claims were bifurcated.  Defendants suggest that Plaintiffs make this claim regarding the duplication of evidence in an attempt to confuse the Court.  Regardless of Plaintiffs' motives or Defendants' contentions, the Court is not confused.  Indeed, it is quite clear that, while the claims are distinct, the evidentiary issues overlap and the claims are intertwined, at least enough to preclude bifurcation absent a convincing showing of prejudice, a showing which Defendants simply have not made.  See, e.g., General Elec., 2009 WL 3210348.

Defendants have not carried their burden of demonstrating that judicial economy and prejudice issues weigh in favor of bifurcation.  On the contrary, given how this litigation has thus far progressed, the Court remains wholly unconvinced that bifurcation would lead to anything other than further delay.

Indeed, bifurcation would, at a minimum, likely mean that the Court would be faced with scheduling additional trials, with no doubt two periods of summary judgment briefing. The Court does not see how such a setup furthers judicial economy. Instead, one set of permissible motions submitted according to the scheduling order in this case will allow the Court to dispose of whatever claims lend themselves to summary judgment at once, clearly a more efficient approach. In addition, the overlapping evidentiary issues and the prejudice to Plaintiffs, unrefuted by Defendants and with no corresponding prejudice to Defendants in trying the issues at the same time, further support the Court's decision that bifurcation is not appropriate for this case. Therefore, Defendants' Motion to Bifurcate is DENIED (doc. 135).

Regarding the Motion to Stay Discovery, the Court finds most persuasive Plaintiffs' argument that granting the Motion will only serve to delay this case further as disputes about the scope of the stay would inevitably result. Any further delays in the resolution of this case are simply unwarranted. In addition, the Court notes that Defendants' concerns about the relevance of the financial and corporate documents sought by Plaintiffs are addressed by the Court in its Order affirming the Magistrate Judge's Order of November 24, 2009. The Court is not persuaded by Defendants' arguments to stay discovery and DENIES Defendants' Motion (doc. 135).

**III. Motion to Strike**

Defendants move the Court to strike Exhibit A to Plaintiffs' Opposition to Defendants' Motion to Bifurcate (exhibit A to doc. 141) on the basis that the exhibit is unauthenticated, is without a supporting affidavit, and does not qualify as evidence (doc. 144). As a preliminary matter, the Court notes that in their Motion, Defendants do not cite to any of the federal rules of civil procedure or to any case law. Notably, in their Reply, Defendants repeatedly take Plaintiffs to task for failing to address the "case law presented by the Defendants" (doc. 146), but the Court cannot hold Plaintiffs accountable for failing to address what Defendants never presented in the first place. Presumably, given the state of the memorandum in support of the Motion to Strike, Defendants simply filed a draft and not a final product. However, the Court does not operate on the basis of presumptions and, instead, must decide what comes before it.

Here, Defendants ask the Court to strike the exhibit without providing any supporting rationale in their Motion. Plaintiffs responded with the arguments that Defendants' Motion is facially defective under local rule 7.2 because it does not provide legal grounds for the relief Defendants seek; a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is improperly applied to anything other than material in the pleadings and a motion to bifurcate is not a pleading; and that, assuming

Defendants attacked the exhibit on a 56(e) basis, Plaintiffs did not submit the exhibit as part of a summary judgment motion so any reliance on that federal rule of procedure is misplaced (doc. 145). In addition, Plaintiffs provided an affidavit of counsel attesting to having hired the consultant who provided the data for Exhibit A (Id.).

In reply, Defendants for the first time present case law to support their Motion (doc. 146). Specifically, Defendants argue that this Court's decision to strike a report attached to a response to a motion for summary judgment in another case somehow supports the assertion that Defendants provided legal grounds for relief, as required by local rule 7.2 (Id., citing Royles v. Springfield Tp., Ohio, 2009 WL 483826 (SD Ohio, 2009)). Second, Defendants contend that they did not move to strike based on Federal Rule of Civil Procedure 12(f) and again fault Plaintiffs for ignoring "the case law presented by Defendants," contending that, again, Royles supports their Motion (Id.). Third, Defendants argue that Plaintiffs' attempt to correct any Exhibit A deficiencies by attaching an affidavit from counsel falls short of the verification needed to satisfy "the evidentiary requirements" (Id.). Fourth, Defendants contend that Plaintiffs cite no authority for the proposition that Exhibit A is admissible for any purpose and, that "generally accepted rules of evidence" render the document inadmissible (Id.). Defendants argue that Exhibit A does

nothing but mislead and misrepresent the issues that the Court needs to consider (Id.).

As a preliminary matter, and as noted above, the Court did not consider Plaintiffs' Exhibit A in its decision, finding that it had no relevance to the issue of bifurcation, so Defendants need not worry about suffering any prejudice. Nonetheless, the Court denies Defendants' Motion to Strike because Defendants presented no procedural or legal authority in their Motion to support their claim for requested relief in violation of Local Rule 7.2. The Court's decision remains the same even if the Court looks beyond the Motion and relies on the Reply. Indeed, even with the Reply, the Court does not know on what basis, other than their concept of "generally accepted evidentiary standards" Defendants move to strike–Defendants make clear that they do not make a 12(f) motion, and they appear to suggest that they do not make a 56(e) motion. But Defendants do not articulate a cogent basis for their motion to strike. Contrary to Defendants' construct, it is Defendants' burden to demonstrate that Exhibit A is impermissible; it is not Plaintiffs' burden to demonstrate that it is permissible. Cf. Berke v. Presstek, Inc., 188 F.R.D. 179 (D. N.H. 1998)(burden on the party moving to strike from pleadings).

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendants' Motion to Bifurcate and Stay Discovery (doc. 135) and Defendants'

Motion to Strike (doc. 144).  The Court reminds the parties that this matter is scheduled for a final pretrial conference on July 15, 2010, a summary jury trial on September 14, 2010, at 9:30 A.M., and a ten-day jury/bench trial set for November 2, 2010, to begin at 9:30 A.M.  The parties should not anticipate a change in that schedule, and the Court will not look favorably on any further delays in this case.

SO ORDERED.

Dated: January 12, 2010        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge